MANUEL & ASSOCIATES, LLP
One Penn Plaza, Suite 2527
New York, New York 10119
T: 212.792.0044 • F: 212.792.0043
CBM@Manuel-Law.net
Charles B. Manuel, Jr. (CM3020)
James C. Jones (JJ-0568)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROSETTA KIRKLAND

        Plaintiff,    ___ CV ___ ( )( )

  -against-

                 COMPLAINT
NEW YORK CITY TRANSIT AUTHORITY  JURY TRIAL DEMANDED
MTA/NEW YORK CITY TRANSIT AUTHORITY
And SARAH LIBRERA,
        Defendants.
------------------------------------------------------------x

  Plaintiff alleges:

## I. NATURE OF THE CLAIM

1. This is an action to redress unlawful discrimination based on:

(a) age, and unlawful employment practices, under the Age Discrimination in Employment Act of 1967, as amended (the "ADEA"), 29 U.S.C. § 621 *et seq.*, the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. L. § 290 *et seq.*, and the New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.; and*

(B) unlawful employment practices under the ADEA, 29 U.S.C. § 623, 623(d)., for retaliation against Plaintiff because she opposed and made charges against Defendants claiming unlawful employment practices.

1

## II. JURISDICTION AND VENUE

2. Jurisdiction of the United States District Court exists pursuant to the ADEA, 29 U.S.C. §§ 216(b) and 626(b)-(d), and 28 U.S.C. §§1331, 1367(a); also pursuant to 42 U.S.C. §2000e-2 Unlawful Employment Practices.

3. Jurisdiction over the state claim is invoked pursuant to 28 U.S.C. § 1367(a) and the Court's pendent jurisdiction.

4. Venue is proper in this district pursuant to the ADEA, 29 U.S.C. §§ 216(b), 626(b)-(d), and 28 U.S.C. § 1391(b) and (c).

5. On March 15, 2011, Plaintiff filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC" Charge No. 520-2011-01667), which forwarded a copy to the New York State Division of Human Rights.

6. More than 180 days has lapsed since Plaintiff filed the charge of discrimination with the EEOC. On October 11, 2011, Plaintiff filed a request for a "Right to Sue Letter" with the Commission which was received after December 21, 2011. Plaintiff has thus satisfied all statutory prerequisites to filing this action with this Court.

## III. PARTIES

7. Plaintiff Rosetta Kirkland, a 43-year-old female, is, and was at all times relevant hereto, a resident of the State of New York residing at 775 Concourse Village East, Apt. 13L. Bronx, NY 10451.

8. At all times relevant hereto, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e), § 292(5) of the NYSHRL, and § 8-102(5) of the NYCHRL and is a

"person" within the meaning of 29 U.S.C. § 630(a), § 292(1) of the NYSHRL and § 8-102(1) of the NYCHRL.

9. Upon information and belief, Defendant Metropolitan Transportation Authority/New York City Transit Authority is a Public Benefit Corporation responsible for public transportation in New York City and the State of New York serving twelve counties in southeastern New York along with two counties in southwestern Connecticut, carrying over eleven million passengers on an average weekday system-wide, and over 800,000 vehicles on its seven toll bridges and two tunnels per weekday. This Defendant will be referred to herein as "New York City Transit Authority."

10. Upon information and belief, at all times relevant herein, Defendant New York City Transit Authority has been an "employer" within the meaning of 29 U.S.C. § 630(b), 29 U.S.C. § 203(d) and § 292(5) of the NYSHRL, and a "covered entity" and a "person" within the meaning of the NYCHRL. N.Y.C. Admin. Code §§ 8-102, 8-102(1), 8-102(5), 8-102(17), 8-107, 8-107(1).

11. Upon information and belief, at all times relevant hereto, Defendant New York City Transit Authority employed more than fifteen employees.

12. Upon information and belief, at all times relevant hereto Defendant Sarah Librera ("Librera") maintains her office at the New York City Transit Authority in New York City.

13. Upon information and belief, at all times relevant herein, Defendant Librera has been an "employer" within the meaning of § 292(5) of the NYSHRL and a "covered entity" and a "person" within the meaning of the NYCHRL. N.Y.C. Admin. Code §§ 8-102, 8-102(1), 8-102(5), 8-102(17), 8-107, 8-107(1).

## IV. Facts

14. Plaintiff was first employed with the New York City Transit Customer Services Department in 1989 as an Information Assistant. For 20 years, Plaintiff worked in various divisions, holding positions of increasing responsibility. She joined the Department I Workforce Development and Subways as a Confidential Secretary II in 2008 where she served until being terminated on September 17, 2010.

### A. Age Discrimination

15. Librera, an Italian-American, and the Acting Assistant Vice President of Operations Training, had prior knowledge of the planned reduction in Force ("RIF") process. In late 2009, as rumors of the RIF process loomed over the department, Laura Turso, an Italian-American co-worker, personally told Plaintiff that Librera, at the direction of William Cronin and Carmen Bianco, needed help in finding "young bloods" to start a "new program." When asked what she meant by "young bloods," she replied, "young people" and that Librera had chosen her as one of the "young bloods" to start the program.

16. As the possibility of Plaintiff's unit being dismantled by the RIF became more of a reality, NYCT asked employees to voluntary accept a $20,000 severance package. MaryAnn DeCarmine, an Italian-American co-worker, filed her paperwork to accept this package. Upon learning of the acceptance, Librera asked DeCarmine to withdraw her request and assured her that her position would not be eliminated. Thereafter, MaryAnn, much like Laura Turso, was transferred to the Operation

4

Planning Department by Librera to avoid the RIF. The transfers included promotions and salary increases.

17. Plaintiff was never offered or approached about the availability of a promotion and salary increase opportunity. Plaintiff was never considered for a transfer, because she was a black female over age 40.

18. Plaintiff immediately complained to her immediate supervisor, Mark Hellman, concerning the lack of offer of the transfer and promotion. Hellman confirmed that Laura Turso would be accompanying Librera to a meeting with William Cronin and Carmen Bianco because they were looking for young bloods to work for them and start a new program.

19. Plaintiff complained that she had twenty years of work experience at NYCT and was not considered for this "new" program solely because at over forty years of age, she did not meet the "young blood" requirements.

20. Plaintiff further complained to Hellman that when Workforce Development was established as a new department she was an employee in the Department assigned to the Operations Training Department that was managed by Thomas Webb. Being a current and senior employee of the Operations Training Department, Plaintiff complained that she should have been given the opportunity for promotion and transfer to the so called "new" Organizational Development section.

21. In June 2010, Plaintiff was told by Hellman that Librera needed a copy of her resume immediately. Two days later Hellman informed Plaintiff that she was scheduled to attend a meeting in the Department of Labor Relations at 12:00 p.m.

5

There Plaintiff was told her position was being eliminated, her last day of work would be September 17, 2010 and she would be offered a severance package.

22. Throughout Plaintiff's twenty years of service, she always received "good" or "excellent" performance review ratings and garnered eight promotions.

23. On information and belief, the new rating system to be used to establish a layoff list had a cutoff rating of 400. Employees, with a rating score below 400 were automatically selected for termination.

24. Plaintiff requested but never received a copy of her performance Ranking Chart  However, the Staff Ranking Manager Chart submitted to the Vice President recommending her termination contradicts the positive ratings previously given to her and signed by management.

25. The purpose of the Staff Ranking Manager Chart was to create the false appearance of a valid selection process. It was not a valid selection process since it did not represent a consistent way of differentiating high performers from low performers. This, in turn, allowed defendants' discriminatory intent to govern her termination.

26. Claimant believes and avers that she was subjected to discrimination on the basis of age and for complaining that she was not considered for and was not given the opportunity for promotion and transfer to the "New" Organizational Development section solely because at forty years of age, she did not meet the "young blood" requirement,

B. Retaliation.

27. In reprisal for Plaintiff's complaints of age discrimination to Librera and Hellman, Librera retaliated by giving Plaintiff or causing her to be given a performance

Ranking Chart score of below 400, which under the MTA's Reduction in Force Policy, guaranteed her automatic selection for termination. When Plaintiff requested in writing to see the RTF Ranking Chart, she was informed the document could not be provided until April 6, 2011 – after expiration of the EEOC filing date for this claim. Plaintiff never received a copy of her performance Ranking Chart.

28.   In June 2010, Plaintiff spoke with Sarah Librera concerning the guidelines employed in making the termination decision. Plaintiff was told she was terminated because her position was eliminated under the RIF process. However, the position was not and has not been eliminated but is still budgeted at NYCT. The current presence of Plaintiff's position in the budget confirms Plaintiff's conclusion that there was no good business reason for her termination and the RIF's process was manipulated to conceal the fact that MTA-NYCT made the termination based upon discriminatory reasons.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Age Discrimination in Employment Act)

29.   Plaintiff repeats the preceding allegations.

30.   The conduct of Defendants New York City Transit Authority and Sarah Librera, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of age, in violation of the ADEA, 29 U.S.C. §§ 623, 623(a).

31.   The conduct of Defendants' New York City Transit Authority and Sarah Librera, as alleged herein, constitutes unlawful retaliation in violation of the ADEA, 29 U.S.C. §§ 623, 623(d).

32. The unlawful conduct of Defendants', as alleged herein, was willful within the meaning of the ADEA, 29 U.S.C. §§ 626, 626(b).

33. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, emotional and psychological injury, and pain and suffering. Plaintiff is entitled to recover such monetary and other damages, as well as liquidated damages, interest, and attorneys' fees and costs, from Defendants New York City Transit Authority and Sarah Librera.

## V. SECOND CAUSE OF ACTION
### (New York City Human Rights Law)

34. Plaintiff repeats the preceding allegations.

35. Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of age, in violation of the NYCHRL, N.Y.C. Admin. Code §§ 8-107, 8-107(1)(a).

36. Defendants' conduct, as alleged herein, constitutes unlawful retaliation in violation of the NYCHRL, N.Y.C. Admin. Code §§ 8-107, 8-107(7).

37. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, emotional and psychological injury, and pain and suffering. Plaintiff is entitled to recover such monetary and other damages, as well as liquidated damages, interest, and attorneys' fees and costs, from Defendants under the NYSHRL.

38.   As a further result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconveniences, loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries, as well as liquidated damages, interest, and attorneys' fees and costs, from Defendants under NYSHRL.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

### I. As to Plaintiff's First Cause of Action:

(a)   A judgment declaring the acts and practices of New York City Transit Authority to be in violation of the ADEA, §§ 29 U.S.C. 216(b), 623, 626(b)-(d);

(b) Awarding Plaintiff, as against New York City Transit Authority, reinstatement and the amount of wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of New York City Transit Authority's unlawful discrimination and unlawful retaliation, in accordance with the ADEA, 29 U.S.C. §§ 216(b), 623, 626(b)-(d);

(c) Awarding Plaintiff, as against New York City Transit Authority, consequential damages for losses resulting from Defendant's unlawful discrimination and unlawful retaliation, in accordance with the ADEA, 29 U.S.C. §§ 216(b), 623,626(b)-(d);

(d)   Awarding Plaintiff, as against New York City Transit Authority, liquidated damages for willful violation of the ADEA, 29 U.S.C. §§ 216(b), 623, 626(b)-(d);

(e) Awarding Plaintiff, as against New York City Transit Authority, the costs of this action, together with reasonable attorneys' fees, in accordance with the ADEA, 29 U.S.C. §§ 216(b), 623, 626(b)-(d).

## II. As to Plaintiff's Second Cause of Action:

(a) A judgment declaring the acts and practices of Defendants to be in violation of the NYSHRL, N.Y. Exec. L. § 297(9); and in violation of 42 U.S.C. §2000e-2.

(b) Awarding Plaintiff, as against Defendants, reinstatement and the amount of wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of Defendants' unlawful discrimination and unlawful retaliation, in accordance with the NYSHRL, N.Y. Exec. L. § 297(9);

(c) Awarding Plaintiff, as against Defendants, consequential damages for losses resulting from Defendants' unlawful discrimination, in accordance with NYSHRL, N.Y. Exec. L. § 297(9);

(d) Awarding Plaintiff, as against Defendants, compensatory damages for, among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and non-pecuniary losses, in accordance with the NYSHRL, N.Y. Exec. L. § 297(9); and

Granting Plaintiff such other and further relief as may be just and proper.

## VII.   JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated:      New York, New York
            March 21, 2012

MANUEL & ASSOCIATES LLP

By: _____
Charles B. Manuel, Jr.
James C. Jones
One Penn Plaza, Suite 2527
New York, New York 10119
T : 212-792-0044
F : 212-792-0043
M : 917-699-9559
E: CBM@Manuel-Law.net
E: jamjon@aol.com

Attorneys for Plaintiff
Rosetta Kirkland